IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **BARDY DIAGNOSTICS, INC.,**<br><br>      *Plaintiff,*<br>  v.<br><br>**IRHYTHM TECHNOLOGIES, INC.,**<br><br>      *Defendant.* | **Case No. 24-01355-JDW** |

## SCHEDULING ORDER

**AND NOW**, this 4th day of April, 2025, following a pretrial conference with counsel for the Parties, and pursuant to Federal Rule of Civil Procedure 16 and Local Rule of Civil Procedure 16.1(b), **IT IS ORDERED** as follows.

    1.    <u>Deposition Dates.</u> Within 14 days of this Order, the Parties shall meet and confer to set aside dates to hold open for depositions before the close of discovery. The Parties shall submit a letter to the Court, via email to Chambers_of_Judge_Wolson@paed.uscourts.gov, that identifies the dates that will be set aside for these depositions. The Parties shall also indicate in that letter whether they prefer to limit the depositions in this case by number of hours per party, rather than the number of depositions. If so, they shall either (a) indicate the number of hours on which they have agreed or (b) set forth their competing positions.

    2.    <u>Rule 12(c) and (f) Motions.</u> Bardy Technologies may file a motion to strike or for judgment on the pleadings directed at iRhythm's Seventh and Ninth Affirmative

Defenses on or before April 11, 2025. iRhythm shall file any response on or before April 25, 2025. The response may include a cross-motion directed to Bardy's Seventh Affirmative Defense to iRhythm's counterclaim, but only to the extent the parties have met and conferred beforehand. iRhythm must include with any cross-motion a certification of the parties' meet-and-confer efforts. The response to the cross-motion shall be filed on or before May 9, 2025. The reply shall be filed on or before May 16, 2025.

    3.    <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before June 2, 2025.

    4.    <u>Application To Court For Protective Order.</u> The Parties shall submit any application for a Protective Order on or before April 18, 2025. Any such application must be consistent with my Policies and Procedures.

    5.    <u>Papers Filed Under Seal</u>. Any Party that seeks to file material under seal must file (a) a Motion to Seal and (b) a redacted version of its filing on the public docket at the time that it files the papers that it requests to maintain under seal.

    6.    <u>Courtesy Copies</u>. The Parties shall follow my Policies and Procedures concerning the submission of courtesy copies. Any courtesy copies shall be submitted electronically to WolsonCourtesyCopy@paed.uscourts.gov. The Parties should not submit paper courtesy copies.

7. <u>Discovery.</u> Counsel for all Parties shall refer to Judge Wolson's Policies and Procedures regarding all matters of discovery and correspondence with the Court.

    A. <u>Discovery Cut Off.</u> All discovery in this case shall be initiated so that it will be completed on or before July 17, 2026.

    B. <u>Document Production.</u> Document production shall be substantially complete by October 24, 2025.

    C. <u>Depositions.</u>

        i. <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of 100 hours of taking testimony by deposition upon oral examination.

        ii. <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    D. <u>Requests for Admission</u>. A maximum of 25 requests for admission are permitted for each side;

    E. <u>Interrogatories</u>.   A maximum of 35 interrogatories, including contention interrogatories, are permitted for each side;

 8. <u>Disclosures.</u> The District of Delaware's Default Standard For Discovery, Including Discovery Of Electronically Stored Information, is incorporated by reference. Absent agreement among the parties, and approval of the Court:

    A. By May 1, 2025, each Party shall identify the accused product(s) associate with its affirmative infringement claims, including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent;

    B. By May 27, 2025, each Party shall produce core technical documents in its possession, custody, or control related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s);

    C. By June 25, 2025, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes;

D. By July 24, 2025, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references; and

E. By August 7, 2025, Plaintiff shall produce its response to Defendant's initial invalidity contentions and related invalidating references.

9. <u>Claim Construction Issue Identification.</u> On or before August 15, 2025, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than September 3, 2025. The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to Chambers_of_Judge_Wolson@paed.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court up to ten (10) term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

10. <u>Claim Construction Briefing.</u> Each Party shall serve, but not file, its opening brief, not to exceed 5,000 words on September 24, 2025. (A party shall be

prepare an opening brief for any claim terms in patents that it asserts in the case.) Each Party shall serve, but not file, its answering brief, not to exceed 7,500 words, on October 22, 2025. Each Party shall serve, but not file, its reply brief, not to exceed 5,000 words, on November 5, 2025. Each Party shall serve, but not file, any sur-reply brief on or before November 19, 2025. No later than November 26, 2025, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below, with briefing about claim terms from the patents that Bardy asserts first and claim terms from the patents that that iRhythm asserts second.

## **JOINT CLAIM CONSTRUCTION BRIEF**

I.   Representative Claims

II.  Agreed-upon Constructions

III. Disputed Constructions

A.   [TERM 1]

1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position

B.   [TERM 2]

1. Plaintiff's Opening Position
2. Defendant's Answering Position
3. Plaintiff's Reply Position

Etc.

For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

11. <u>Tutorial Describing the Technology and Matters in Issue.</u> The parties shall provide the Court, no later than the date on which their joint claim construction brief is due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a video of not more than 30 minutes. The video may be sent on a DVD, memory stick, hard drive, or other commonly used digital media. The tutorial should focus on the technology in issue and should not be used for argument. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than seven days after submission of the tech tutorial. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

12. <u>Hearing on Claim Construction.</u>  On January 15, 2026, beginning at 10:00 a.m. in Courtroom 12B, United States Courthouse, 601 Market St., Philadelphia, PA, I will hear argument on claim construction. Absent my prior approval (which, if it is sought,

must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument.

13. <u>Disclosure of Lay Witness Testimony.</u> A party intending to offer lay witness opinion testimony must disclose the name of any witness who will offer such an opinion and a brief summary of each such opinion at the same time the expert reports are exchanged.

14. <u>Disclosure of Expert Witness Testimony.</u>

   A. <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before May 15, 2026. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before June 18, 2026. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

   B. <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, the Parties shall follow my Policies and Procedures governing the timing of such motions.

15. <u>Case Dispositive Motions.</u> All case dispositive motions shall be served and filed on or before September 11, 2026. No party may file a case dispositive motion under

Rule 56 more than 10 days before the above date without leave. Motions for summary judgment and responses shall otherwise be filed in the form prescribed in my Policies and Procedures and in accordance with the Court's Local Rules of Civil Procedure.

16. <u>Status Conference.</u> The Court will conduct a telephonic status conference with the parties on August 4, 2025, at 2:00 p.m. to discuss the progress of the case.

17. <u>ADR Process.</u> This case is referred to Magistrate Judge Scott W. Reid for purposes of conducting settlement proceedings, as Judge Reid deems appropriate. Within fourteen (14) days of the date of this Order, the Parties shall jointly contact Judge Reid's chambers to report either (1) they agree on the general time frame for a settlement conference with proposed dates, or (2) they wish to speak with Judge Reid before identifying a time frame for a settlement conference. The Parties shall update Judge Wolson on the status of settlement discussions no later than thirty (30) days before the close of discovery.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.