IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARDY DIAGNOSTICS, INC., ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | C.A. No. 24-1355-JDW |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| IRHYTHM TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |

**JOINT MOTION TO AMEND THE PLEADINGS**

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Paragraph 3 of the Scheduling Order (D.I. 29), Plaintiff and Counterclaim Defendant Bardy Diagnostics, Inc. ("Bardy"), and Defendant and Counterclaim Plaintiff iRhythm Technologies, Inc. ("iRhythm") (collectively, "the Parties") through their respective counsel, hereby jointly move the Court for leave to amend the pleadings. Specifically, Bardy is seeking leave to file its Second Amended Complaint, and iRhythm is seeking leave to file its Third Amended Counterclaims. In support of this Joint Motion, the Parties state the following:

1. Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Courts should grant leave absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Joao Bock Transaction Sys., LLC v. Jack Henry & Assocs., Inc.*, 292 F.R.D. 167, 170 (D. Del. 2013) (internal quotation marks and citation omitted).

2. Bardy's Second Amended Complaint includes additional claims for patent infringement for recently issued U.S. Patent Nos. 12,285,261 (the "'261 Patent") and 12,310,735 (the "'735 Patent"). Bardy's proposed Second Amended Complaint and related exhibits are

attached as Exhibit A to this motion. Pursuant to Local Rule 15.1, a track changes version, showing differences between Bardy's First Amended Complaint (D.I. 12) and the proposed Second Amended Complaint, is attached as Exhibit B.

3. Bardy's proposed amended pleading is timely: it is made less than one week after the '735 Patent issued, and only one month after the '261 Patent issued, and before the June 2, 2025, deadline to amend or supplement the pleadings. D.I. 29, ¶ 3. In the interest of judicial efficiency, Bardy waited to seek leave to amend until both the '261 Patent and '735 Patent had issued, rather than filing two separate motions, and two amended pleadings. Now, less than a week after the '735 Patent issued, Bardy is promptly seeking leave to amend its complaint to add both patents before the June 2, 2025, motion for leave to amend deadline.

4. iRhythm's Third Amended Counterclaims includes an additional claim for patent infringement for recently issued U.S. Patent No. 12,303,277 (the "'277 Patent"). iRhythm's proposed Third Amended Counterclaims and related exhibits are attached as Exhibit C to this motion. Pursuant to Local Rule 15.1, a track changes version, showing differences between iRhythm's Second Amended Counterclaims (D.I. 43) and the proposed Third Amended Counterclaims, is attached as Exhibit D.[1]  The answer portion of the amended pleading, and any associated affirmative defenses, has been left out of the attached Exhibits C and D, and will be filed according to the schedule in paragraph 5 below.  iRhythm's proposed amended pleading is

---

[1] iRhythm reserves the right to seek leave to amend its counterclaims to add claims for infringement of the allowed claims of U.S. Patent Application 18/301,881.  The issue fee for those allowed claims was paid on April 10, 2025, but the patent has not yet issued due to a delay at the U.S. Patent Office. Bardy reserves the right to oppose any attempt by iRhythm to add additional counterclaims into this case after the deadline to amend and, to the extent iRhythm seeks to and is granted leave to add additional infringement allegations into this case, Bardy reserves the right to do the same as it has additional patent applications with allowed claims that are pending issuance.

timely: it is made less than two weeks after the '277 Patent issued and before the June 2, 2025 deadline to amend or supplement the pleadings. D.I. 29, ¶ 3.

5. The Parties have agreed to the following schedule for filing their respective amended pleadings:

- Bardy to file its Second Amended Complaint (Ex. A) within one day after the Court's order on this Joint Motion;

- iRhythm to file its Answer to Bardy's Second Amended Complaint and its Third Amended Counterclaims (Ex. C) within **14 days** of the filing of Bardy's Second Amended Complaint;

- Bardy to file its Answer to iRhythm's Third Amended Counterclaims and any Bardy Counterclaims within **14 days** of the filing of iRhythm's Third Amended Counterclaims; and

- iRhythm to file its Answer[2] to any Bardy Counterclaims within **14 days** of the filing of any Bardy Counterclaims.

6. The Parties will not suffer undue prejudice or delay because of the proposed amendments, particularly because no other dates in the Scheduling Order (D.I. 29) are altered by way of these proposed amendments.

The Parties respectfully ask the Court to grant this Joint Motion.

---

[2] iRhythm's Answer to Bardy's Second Amended Counterclaims (D.I. 46) is currently due on June 6, 2025. However, that deadline will be mooted by the proposed amendments outlined in this Joint Motion. Accordingly, iRhythm's Answer to any Bardy Counterclaims will be due according to the schedule in paragraph 5 above subject to the Court granting this motion.

| POTTER ANDERSON & CORROON LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| By: /s/ *Philip A. Rovner*<br>    Philip A. Rovner (#3215)<br>    Andrew M. Moshos (#6685)<br>    Hercules Plaza<br>    P.O. Box 951<br>    Wilmington, DE  19899<br>    (302) 984-6000<br>    provner@potteranderson.com<br>    amoshos@potteranderson.com | By: /s/ *Lucinda C. Cucuzzella*<br>    Brian P. Egan (#6227)<br>    Lucinda C. Cucuzzella (#3491)<br>    1201 North Market Street<br>    P.O. Box 1347<br>    Wilmington, DE  19899<br>    (302) 658-9200<br>    began@morrisnichols.com<br>    ccucuzzella@morrisnichols.com |
| OF COUNSEL: | OF COUNSEL: |
| Jeffrey R. Gargano<br>Devon C. Beane<br>Melissa M. Haulcomb<br>Jared R. Lund<br>Rebekah Hill<br>K&L GATES LLP<br>70 W. Madison St., Suite 3300<br>Chicago, IL 60602<br>(312) 372-1121 | J. David Hadden<br>Allen Wang<br>FENWICK & WEST LLP<br>801 California Street<br>Mountain View, CA 94041<br>(650) 988-8500 |
| Erik J. Halverson<br>K&L GATES LLP<br>4 Embarcadero Center, Suite 1200<br>San Francisco, CA 94111<br>(415) 882-8238 | Melanie L. Mayer<br>FENWICK & WEST LLP<br>401 Union Street, 5th Floor<br>Seattle, WA 98101<br>(206) 389-4510 |
| *Attorneys for Plaintiff*<br>*Bardy Diagnostics, Inc.* | Robert Edward Counihan<br>FENWICK & WEST LLP<br>902 Broadway, 18th Floor<br>New York, NY 10010<br>(212) 430- 2600 |
| June 2, 2025<br>12269847 | *Attorneys for Defendant*<br>*iRhythm Technologies, Inc*. |

4

## **RULE 7.1.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that counsel for both parties, including lead and Delaware counsel, discussed the subject of the foregoing joint motion. Defendant has advised Plaintiff that, while it disputes that Plaintiff is entitled to the relief sought in the Second Amended Complaint, it does not oppose Plaintiff seeking leave to file a Second Amended Complaint. Likewise, Plaintiff has advised Defendant that, while it disputes that Defendant is entitled to the relief sought in the Third Amended Counterclaims, it does not oppose Defendant seeking leave to file the Third Amended Counterclaims.

Respectfully submitted,

By:   */s/ Philip A. Rovner*
      Philip A. Rovner (#3215)