# EXHIBIT C

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicant: | Bardy Diagnostics, Inc. |
| Appl. No.: | 18/353,407 |
| Conf. No.: | 4809 |
| Filed: | July 17, 2023 |
| Title: | EXTENDED WEAR AMBULATORY ELECTROCARDIOGRAPHY MONITOR |
| Art Unit: | 3794 |
| Examiner: | Brian M. Antiskay |
| Docket No.: | 3726071.00275 |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

## RESPONSE TO FINAL OFFICE ACTION

Examiner:

In response to the Final Office Action dated December 20, 2024, please amend the above-identified patent application as follows:

**Amendments to the Claims** are reflected in the listing of claims, which begins on page 2 of this paper; and

**Remarks** begin on page 6 of this paper.

Case 1:24-cv-01355-JDW    Document 85-3    Filed 09/05/25    Page 3 of 9 PageID #: 5088

Appl. No. 18/353,407
Response to the Final Office Action dated December 20, 2024

**Amendments to the Claims:**

This listing of claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims:**

Claim 1 (Currently Amended):    An electrocardiography monitor, comprising:

<u>a non-conductive receptacle configured to house a battery;</u>

a housing comprising rounded edges along<u> a top surface, wherein the housing engages the non-conductive receptacle, wherein the battery is positioned between the housing and a bottom surface of the non-conductive receptacle</u> <s>top and bottom surfaces of the housing</s>;

<u>a patient feedback button located on the top surface of the housing;</u>

an electrographic front end circuit to sense electrocardiographic signals;

<u>a distal electrocardiography electrode coupled to a distal end of a flexible circuit and a proximal electrocardiography electrode coupled to a proximal end of the flexible circuit, wherein the flexible circuit is coupled to a flexible backing and the flexible backing is configured to adhere to skin of a patient's chest; and</u>

a microcontroller secured by the housing, wherein the microcontroller is interfaced to the electrocardiographic front end circuit to sample the electrocardiographic signals<s>; and</s>

<s>electrical contacts that protrude from the bottom surface of the housing to connect to a battery to power the microcontroller, wherein the battery is disposed between the microcontroller and skin of a patient</s>.

Claim 2 (Currently Amended):    [[An]]<u>The</u> electrocardiography monitor according to Claim 1, comprising:

a seal coupling surrounding [[the]] electrical contacts<u>, wherein the electrical contacts protrude from the bottom surface of the housing to connect to the battery to power the microcontroller</u>.

Claim 3 (Currently Amended):    [[An]]<u>The</u> electrocardiography monitor according to Claim 1, further comprising:

Appl. No. 18/353,407
Response to the Final Office Action dated December 20, 2024

~~further~~ electrical contacts to establish an electrical connection with <u>the distal electrocardiography electrode and the proximal electrocardiography electrode</u> ~~one or more electrodes~~ for sensing the electrocardiographic signals.

Claim 4 (Currently Amended):  [[An]]<u>The</u> electrocardiography monitor according to Claim 1, wherein the housing is shaped for placement over the battery.

Claim 5 (Currently Amended):  [[An]]<u>The</u> electrocardiography monitor according to Claim 1, further comprising:
circuitry for an actigraphy sensor.

Claim 6 (Currently Amended):  [[An]]<u>The</u> electrocardiography monitor according to Claim 5, wherein the actigraphy sensor generates interrupt signals to the microcontroller based on a position of the housing.

Claim 7 (Currently Amended):  [[An]]<u>The</u> electrocardiography monitor according to Claim 1, wherein the housing comprises polycarbonate, ABS, or an alloy of polycarbonate and ABS.

Claim 8 (Currently Amended):  [[An]]<u>The</u> electrocardiography monitor according to Claim 1, further comprising:
flash memory configured to store the electrocardiographic signals.

Claim 9 (Currently Amended):  [[An]]]<u>The</u> electrocardiography monitor according to Claim 1, further comprising:
an expansion port via which an external device interfaces to the microcontroller.

Claim 10 (Currently Amended):  [[An]]<u>The</u> electrocardiography monitor according to Claim 9, wherein the external device comprises a physiological sensor.

Appl. No. 18/353,407
Response to the Final Office Action dated December 20, 2024

Claim 11 (Currently Amended): An electrocardiography monitor assembly, comprising:

<u>a battery compartment formed on a bottom surface of a non-conductive receptacle, wherein a battery is located in the battery compartment;</u>

a housing comprising rounded edges along <u>a top surface, wherein the battery compartment is positioned between the housing and the bottom surface of the non-conductive receptacle;</u> ~~top and bottom surfaces of the housing;~~

an electrographic front end circuit to sense electrocardiographic signals;

<u>a distal electrocardiography electrode coupled to a distal end of a flexible circuit and a proximal electrocardiography electrode coupled to a proximal end of the flexible circuit, wherein the flexible circuit is coupled to a flexible backing and the flexible backing is configured to adhere to skin of a patient's chest;</u>

a microcontroller secured by the housing, wherein the microcontroller is interfaced to the electrocardiographic front end circuit to sample the electrocardiographic signals memory;<u> and</u>

~~electrical contacts that protrude from the bottom surface of the housing to connect to a battery to power the microcontroller, wherein the battery is disposed between the microcontroller and skin of a patient.~~<u>; and</u>

a backing configured to receive the ~~sealed~~ housing.

Claim 12 (Currently Amended): [[An]]<u>The</u> electrocardiography monitor assembly according to Claim 11, comprising:

a seal coupling surrounding [[the]] electrical contacts.

Claim 13 (Currently Amended): [[An]]<u>The</u> electrocardiography monitor assembly according to Claim 11, further comprising:

~~further~~ electrical contacts to establish an electrical connection with <u>the distal electrocardiography electrode and the proximal electrocardiography electrode</u> ~~one or more electrodes~~ for sensing the electrocardiographic signals.

Claim 14 (Currently Amended): [[An]]<u>The</u> electrocardiography monitor assembly according to Claim 11, wherein the housing is shaped to fit over the battery.

4

Claim 15 (Currently Amended): [[An]]The electrocardiography monitor assembly according to Claim 11, further comprising:

circuitry for an actigraphy sensor comprised within the housing.

Claim 16 (Currently Amended): [[An]]The electrocardiography monitor assembly according to Claim 15, wherein the actigraphy sensor generates interrupt signals to the microcontroller based on a position of the housing.

Claim 17 (Currently Amended): [[An]]The electrocardiography monitor assembly according to Claim 11, wherein the housing comprises polycarbonate, ABS, or an alloy of polycarbonate and ABS.

Claim 18 (Currently Amended): [[An]]The electrocardiography monitor assembly according to Claim 11, further comprising:

flash memory configured to store the electrocardiographic signals.

Claim 19 (Currently Amended): [[An]]The electrocardiography monitor assembly according to Claim 11, further comprising:

an expansion port comprised in the circuitry via which an external device interfaces to the microcontroller.

Claim 20 (Currently Amended): [[An]]The electrocardiography monitor assembly according to Claim 19, wherein the external device comprises a physiological sensor.

Appl. No. 18/353,407
Response to the Final Office Action dated December 20, 2024

## REMARKS

This Response is to the Final Office Action dated December 20, 2024. The Commissioner is hereby authorized to charge Deposit Account 02-1818 for any additional fees which are due and owing. If any such charges are applied, please indicate Attorney Docket No. 3726071.00275 on the account statement.

Claims 1 to 20 are pending in this application and stand rejected. Claims 1 and 11 are in independent form. This Response amends Claims 1 to 20. In view of the amendments and remarks made herein, favorable reconsideration is respectfully requested.

### Overview of the Office Action

The Office Action (i) rejects Claims 1, 3, 11, and 13 under 35 U.S.C. § 102 as allegedly being anticipated by U.S. Publication No. 2008/0139953 to Baker et al. ("*Baker*"); (ii) rejects Claims 2 and 12 under 35 U.S.C. § 103 as allegedly being unpatentable over *Baker* in view of U.S. Publication No. 2008/0288026 to Cross et al. ("*Cross*"); (iii) rejects Claims 5, 6, 15, and 16 under 35 U.S.C. § 103 as allegedly being unpatentable over *Baker* in view of U.S. Publication No. 2011/0021937 to Hugh et al. ("*Hugh*"); (iv) rejects Claims 7 and 17 under 35 U.S.C. § 103 as allegedly being unpatentable over *Baker* in view of U.S. Publication No. 2011/0237924 to McGusty et al. ("*McGusty*"); (v) rejects Claims 8 and 18 under 35 U.S.C. § 103 as allegedly being unpatentable over *Baker* in view of U.S. Publication No. 2011/0160601 to Wang et al. ("*Wang*"); and (vi) rejects Claims 9, 10, 19, and 20 under 35 U.S.C. § 103 as allegedly being unpatentable over *Baker* in view of U.S. Publication No. 2007/0208232 to Kovacs et al. ("*Kovacs*").

### Claim Rejections – 35 USC § 102

The Office Action rejects Claims 1, 3, 11, and 13 under 35 U.S.C. § 102 as allegedly being anticipated by *Baker*. Office Action 12/20/24 at p. 2–4. However, the cited portions of *Baker* do not disclose several features as recited in currently amended Claim 1. In some non-limiting examples, *Baker* does not disclose the claimed features of "a non-conductive receptacle configured to house a battery"; "a housing comprising rounded edges along a top surface,

6

Appl. No. 18/353,407
Response to the Final Office Action dated December 20, 2024

wherein the housing engages the non-conductive receptacle"; or "wherein the battery is positioned between the housing and a bottom surface of the non-conductive receptacle."

For the above reasons, Applicant respectfully submits that the cited portions of *Baker* fail to disclose Claim 1 as amended herein. Thus, Applicant respectfully submits that the rejection of independent Claim 1 under 35 U.S.C. § 102 should be reconsidered and withdrawn. Additionally, Applicant respectfully submits that Claim 2 to 10, which depend from independent Claim 1, are also allowable for the reasons given above with respect to Claim 1 and for the additional patentable features recited therein.

Furthermore, Applicant respectfully submits that independent Claim 11 includes similar patentable features to those discussed above with respect to independent Claim 1. Thus, Applicant respectfully submits that amended Claim 11 is patentable over *Baker* for the same reasons as Claim 1. Additionally, Applicant respectfully submits that Claim 12 to 20, which depend from independent Claim 11, are also allowable for the reasons given above with respect to Claim 1 and for the additional patentable features recited therein. Thus, Applicant respectfully submits that the rejections of independent Claims 11 and 20 under 35 U.S.C. § 102 should be reconsidered and withdrawn.

Appl. No. 18/353,407
Response to the Final Office Action dated December 20, 2024

## Conclusion

For the foregoing reasons, Applicant respectfully submits that all of the present claims are allowable. In the event there remains any impediment to allowance of the claims, which could be clarified in a telephonic interview, the Examiner is respectfully requested to initiate such an interview with the undersigned. Additionally, if the Examiner has any questions regarding this Response, Applicant respectfully requests that the Examiner contact the undersigned.

                                        Respectfully submitted,

                                        K&L Gates LLP

                                        BY   /Kevin T. McCormick/
                                                Kevin T. McCormick
                                                615-780-6776
                                                Reg. No. 72,671
                                                Customer No. 194170

                                      Dated:  March 27, 2025