## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARDY DIAGNOSTICS, INC., | ) |
| | ) |
| Plaintiff and Counter-Defendant, | ) |
| | ) |
| | ) C.A. No. 24-1355-JDW |
| v. | ) |
| | ) |
| IRHYTHM TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant and Counter-Plaintiff. | ) |
| | ) |

## JOINT CLAIM CONSTRUCTION CHART

Pursuant to Paragraph 9 of the Scheduling Order (D.I. 29) and the Stipulation and Order Amending Scheduling Order (D.I. 71), Plaintiff and Counter-Defendant Bardy Diagnostics, Inc. ("Bardy") and Defendant and Counter-Plaintiff iRhythm Technologies, Inc. ("iRhythm") hereby submit the following Joint Claim Construction Chart providing the parties' proposed constructions for certain terms, phrases, or clauses contained in the asserted claims of U.S. Patent Nos. 12,161,473 (the "'473 Patent"), 12,171,562 (the "'562 Patent"), 12,285,261 (the '261 Patent"), 12,310,735 (the "'735 Patent") (collectively, the "Bardy Asserted Patents"), and U.S. Patent Nos. 12,133,734 (the "'734 Patent"), 12,245,859 (the "'859 Patent"), 12,245,860 (the "'860 Patent"), 12,274,554 (the "'554 Patent"), 12,303,277 (the "'277 Patent") (collectively, the "iRhythm Asserted Patents").

Pursuant to Paragraph 9 of the Scheduling Order, copies of the patents and portions of intrinsic evidence upon which the parties rely are included in the Joint Appendix to this Joint Claim Construction Chart.

**AGREED-UPON CONSTRUCTION**

| Claim Term | Agreed-Upon Construction |
|---|---|
| "non-contacting surface"<br><br>'261 Patent, cls. 1, 10<br>(Bardy Patent) | "surface that does not contact a patient's skin" |

1

**DISPUTED CONSTRUCTIONS**

iRhythm Asserted Patents (Terms Proposed by Bardy)

| No. | Claim Term and Asserted Claim(s) | Bardy's Proposed Construction | Bardy's Intrinsic Evidence[1] | iRhythm's Proposed Construction | iRhythm's Intrinsic Evidence[2] |
|---|---|---|---|---|---|
| 1 | "electrical connection"<br><br>'734 Patent, cl. 1<br>'554 Patent, cl. 1 | "wire" | '734 Patent, cl. 1, Figs. 1, 1B-1F, 2A-2C, 6A, 6B, 7B, 8B, 9A-9B, 10A-10B, 11, 12.<br><br>'554 Patent, cl. 1, Figs. 1, 1B-1F, 2A-2C, 6A, 6B, 7B, 8B, 9A-9B, 10A-10B, 11, 12.<br><br>'734 Patent,[3] 5:41-64, 7:31-46, 8:49-9:25; U.S. Patent No. 8,560,046, cls. 23, 25, 30, 31; U.S. Patent App. No. 16/723,208, Applicant Arguments dated Oct. 16, 2020, at | Plain and ordinary meaning | '734 patent at Figs. 1-1F, 2B-2C, 8:49-9:25, 9:46-64, 12:62-13:4, and corresponding disclosures in the '554 and '277 patents. |

---

[1]    Bardy reserves the right to cite any intrinsic evidence identified by iRhythm, and any claim language that refers to the proposed claim terms or similar terms.

[2]    iRhythm reserves the right to cite any intrinsic evidence identified by Bardy, and any claim language that refers to the proposed claim terms or similar terms.

[3]    The specifications of iRhythm's '734, '554, and '277 Patents are substantially similar for purposes of the disputes presented herein. Similarly, the specifications of the '859 and '860 Patents are substantially similar for purposes of the disputes presented herein. Bardy cites to the '734 Patent and the '859 Patent specifications throughout for ease of reference.

| No. | Claim Term and Asserted Claim(s) | Bardy's Proposed Construction | Bardy's Intrinsic Evidence[1] | iRhythm's Proposed Construction | iRhythm's Intrinsic Evidence[2] |
|---|---|---|---|---|---|
| | | | 7-8; U.S. Patent App. No. 13/106,750 Notice of Allowance dated June 12, 2013, at 2; U.S. Patent App. No. 13/106,750 Applicant Initiated Interview Summary dated May 29, 2013, at 2; U.S. Provisional Patent Application No. 61/334,081, ¶[00021], Figs. 1, 3A, 4A-4B. | | |
| 2a, 2b, 2c | "The Extending From Terms": <br><br> "[electrical connection] extending from the physiological data collection circuit to the electrode" <br><br> and <br><br> "[electrical connection] extending linearly from the physiologic data collection circuit" <br><br> and | "originating at the physiological data collection circuit and continuing directly to the electrode without intervening components" <br><br> and <br><br> "originates at the housing and continues outward" | '734 Patent, cl. 1, Figs. 1, 1B-1F, 2A-2C, 5A-5C, 6A, 6B, 7B, 8B, 9A-9B, 10A-10B, 11, 12. <br><br> '554 Patent, cl. 1, Figs. 1, 1B-1F, 2A-2C, 5A-5C, 6A, 6B, 7B, 8B, 9A-9B, 10A-10B, 11, 12. <br><br> '277 Patent, cl. 1, 3, Figs. 1, 1B-1F, 2A-2C, 5A-5C, 6A, 6B, 7A, 7B, 8B, 9A-9B, 10A-10B, 11, 12. | Plain and ordinary meaning | '734 patent at Figs. 1-1F, 2B-2C, 9A-10B, 8:49-9:25, 9:46-64, 13:66-14:27, and corresponding disclosures in the '554 and '277 patents. |

| No. | Claim Term and Asserted Claim(s) | Bardy's Proposed Construction | Bardy's Intrinsic Evidence[1] | iRhythm's Proposed Construction | iRhythm's Intrinsic Evidence[2] |
|---|---|---|---|---|---|
| | "[first substrate layer] extends horizontally away from the housing"<br><br>'734 Patent, cl. 1<br>'554 Patent, cl. 1<br>'277 Patent, cl. 1 | | '734 Patent, 5:41-64, 7:31-46, 8:49-9:25, 9:26-35; '277 Patent, 3:18-22, 7:61-8:2, 3:59-4:11, 13:66-14:27; U.S. Patent No. 8,560,046, cls. 23, 25, 30, 31; U.S. Patent App. No. 15/005,854 Notice of Allowance dated May 31, 2019, at 3; U.S. Patent App. No. 16/723,208, Applicant Arguments dated Oct. 6, 2020, at 7-8; U.S. App. No. 13/106,750 Notice of Allowance dated June 12, 2013, at 2; U.S. Patent App. No. 13/106,750 Applicant Initiated Interview Summary dated May 29, 2013, at 2; U.S. Provisional Patent App. No. 61/334,081, ¶[00021], Figs. 1, 3A, 4A-4B. | | |

| No. | Claim Term and Asserted Claim(s) | Bardy's Proposed Construction | Bardy's Intrinsic Evidence[1] | iRhythm's Proposed Construction | iRhythm's Intrinsic Evidence[2] |
|---|---|---|---|---|---|
| 3 | "extending at least partially below the housing" <br><br> '734 Patent, cl. 1 | "adhesive that extends partially, but not completely, below the housing" | '734 Patent, cl. 1, 6, 9, 14, Figs. 1A-1E, 5A-5C. <br><br> '734 Patent, 2:13-17, 2:25-51, 4:45-54, 5:1-7, 11:66-12:17; '554 Patent, Notice of Allowance dated March 5, 2025, at 2. | Plain and ordinary meaning | '734 patent at Figs. 1A-1F, 4A-4B, 5A-5C, 6A-6B, 7:61-8:20, 9:46-11:13, 11:14-65, 11:66-12:33, 12:34-13:4, and corresponding disclosures in the '554 and '277 patents. |
| 4 | "configured to tilt at an angle relative to the lower adhesive layer in response to movement of the user" <br><br> '734 Patent, cl. 1 | Indefinite <br><br> or <br><br> "specifically designed to move into or out of a sloping relationship relative to the adhesive layer contacting the skin in response to movement of the user" | '734 Patent, cls. 1, 4, 5, Figs. 4B, 5C. <br><br> '734 Patent, 8:2-12, 8:49-9:25, 9:65-10:16, 9:8-25, 11:14-30; U.S. Patent App. No. 13/106,750 Response dated May 28, 2013; U.S. Patent App. No. 16/723,208 Final Office Action dated December 11, 2020, at 2-3; U.S. Patent App. No. 16/723,208 Response to FOA dated December 11, 2020, at 4-5; U.S. Patent App. No. 17/304,811 | Plain and ordinary meaning | '734 patent at Figs. 4A-4B, 5A-5C, 9:46-10:16, 11:14-65, and corresponding disclosures in the '554 and '277 patents. |

| No. | Claim Term and Asserted Claim(s) | Bardy's Proposed Construction | Bardy's Intrinsic Evidence[1] | iRhythm's Proposed Construction | iRhythm's Intrinsic Evidence[2] |
|---|---|---|---|---|---|
| | | | Preliminary Amendment dated June 29, 2021, at 3; U.S. Patent App. No. 17/304,811 Non-Final Office Action dated January 23, 2024, at 2; U.S. Provisional Patent Application No. 61/334,081, ¶[00021], Figs. 1, 3A, 4A-4B. | | |
| 5 | "the second substrate layer is positioned over the first substrate layer and extends horizontally beyond a boundary of the first substrate layer."<br><br>'277 Patent, cl. 1 | "the second substrate layer entirely covers, and extends beyond the peripheral edge of, the first substrate layer" | '277 Patent, cls. 1, 3, Figs. 1B-1E, 7A, 7B, 9A, 9B, 10A, 10B.<br><br>'277 Patent, 3:59-4:11, 13:66-14:27; U.S. Patent App. No. 15/005,854 Notice of Allowance dated May 31, 2019, at 3. | Plain and ordinary meaning | '734 patent at Figs. 9A-10B, 13:66-14:27, and corresponding disclosures in the '554 and '277 patents. |
| 6[4,5] | "electrical contact with" | Indefinite | '859 Patent, cls. 1, 2, 22, Figs. 1A, 1B, 2A, | Plain and ordinary meaning | '859 patent at Figs. 1B, 2B, 3C, 3D, 5:1-9, |

---

[4]    Because the number of patents in the case has increased since the parties agreed to a limit of ten claim terms in issue (D.I. 29, ¶9), and because there are 5 iRhythm patents (with 78 asserted claims) and 4 Bardy patents (with 67 asserted claims), Bardy respectfully identifies 6 terms that should be construed.

[5]    iRhythm believes that the Scheduling Order's requirement of no more than ten terms is unambiguous (D.I. 29, ¶ 9), and it permits each party to raise five claim terms for construction.  Prior to its provision of terms for construction on August 27, 2025, Bardy never notified iRhythm nor requested the Court to increase this limit.

| No. | Claim Term and Asserted Claim(s) | Bardy's Proposed Construction | Bardy's Intrinsic Evidence[1] | iRhythm's Proposed Construction | iRhythm's Intrinsic Evidence[2] |
|---|---|---|---|---|---|
| | '859 Patent, cl. 1<br>'860 Patent, cl. 1 | or<br><br>"in physical contact with or in capacitive connection with" | 2B, 3A, 3B, 3C, 3D, 5B.<br><br>'860 Patent, cls. 1, 5, 24, Figs. 1A, 1B, 2A, 2B, 3A, 3B, 3C, 3D, 5B.<br><br>'859 Patent, 5:1-9, 6:53-62, 7:2-13, 13:43-55, 15:21-43, 13:3-10. | | 6:63-7:13, 7:61-8:19, 13:43-55, 15:15-43, and corresponding disclosures in the '860 patent. |

Bardy Asserted Patents (Terms Proposed by iRhythm)

| No. | Claim Term | Bardy's Proposed Construction | Bardy's Intrinsic Evidence | iRhythm's Proposed Construction | iRhythm's Intrinsic Evidence |
|---|---|---|---|---|---|
| 1 | "the processor is configured to process the electrocardiographic signals sensed" <br><br> '562 Patent, cls. 8, 15 <br><br> '473 Patent, cls. 1, 8, 15 | "processor in the device is specifically configured to process the electrocardiographic signals sensed" | '562 Patent, Figs. 3, 9-13, cls. 1, 8, 15. <br><br> '473 Patent, Figs. 3, 9-13, cls. 1, 8, 15. <br><br> '562 Patent,[6] 4:56-5:3, 6:50-57, 14:10-31, 14:25-16:57. | Governed by 35 U.S.C. § 112(f). <br><br> Function: process the sensed electrocardiographic signals <br><br> Structure: Indefinite for lacking structure. The specification discloses no algorithm for performing the claimed function. | '473 patent at 4:56-5:3, 14:25-15:6, Fig. 11, and corresponding disclosures in the '562 patent. |
| 2 | "wireless transceiver" <br><br> '562 Patent, cls. 8, 15 <br><br> '473 Patent, cls. 1, 8, 15 | Plain and ordinary meaning, i.e., a component that can transmit wirelessly | '562 Patent, Figs. 3, 9-13, cls. 1, 3-4,7-8, 10, 12, 14-16, 18, 20-30. <br><br> '473 Patent, Figs. 3, 9-13, cls. 1, 3, 5, 7, 8, 10, 12, 14-16, 18, 20-30. <br><br> '562 Patent, 4:28-34, 4:42-46, 4:53-55, | "component that transmits electrocardiographic signals wirelessly" | '473 patent at Fig. 3, 4:9-5:3, 6:50-7:13, 7:14-39, 8:1-55, 12:33-48, 14:4-9, 15:7-28, 15:52-61, and corresponding disclosures in the '562 patent. |

---

[6]  The specifications of the '562 and '473 Patents are substantially similar for purposes of the disputes presented herein. Bardy cites to the '562 Patent specifications throughout for ease of reference.

| No. | Claim Term | Bardy's Proposed Construction | Bardy's Intrinsic Evidence | iRhythm's Proposed Construction | iRhythm's Intrinsic Evidence |
|---|---|---|---|---|---|
| | | | 6:57-7:12, 7:13-50, 8:41-55, 12:33-47, 14:4-9, 14:63-15:6, 15:7-28, 15:29-16:57; U.S. Patent App. No. 16/241,929, Response dated May 26, 2020, at 8; U.S. Patent App. No. 18/821,409, Non-Final Office Action dated Oct. 11, 2024, at 4. | | |
| 3 | "vertically aligned"  '473 Patent, cls. 1, 15, 20, 23  '562 Patent, cls. 9, 14, 20, 23, 28 | Plain and ordinary meaning | '562 Patent, Figs. 1-8, cls. 7, 9, 14, 20-24, 28, 30.  '473 Patent, Figs. 1-8, cls. 1, 7, 9, 14-15, 20-24, 28, 30.  '562 Patent, 6:14-34, 10:5-7, 10:52-57, 10:46-57, 13:21-23. | "aligned along a patient's sternal midline when worn" | '473 patent at Figs. 1-8, 4:9-34, 6:8-49, 9:42-63, 10:37-62, 11:12-60, and corresponding disclosures in the '562 patent. |
| 4 | "removably secured"  '261 Patent, cls. 1, 10 | Plain and ordinary meaning, i.e., secured such that it may be removed | '261 Patent, Figs. 1-2, 4-7, 16A-16C, 17-18, cls. 1, 10.  '261 Patent, Abstract, 5:47-62, 6:14-32, | "secured such that it may be removed without destruction" | '261 patent at Figs. 4-7, Abstract, 3:58-4:20, 4:57-5:8, 5:9-6:32, 7:50-8:3, 10:39-11:2, 11:15-12:59, 13:1-28, 16:14-46, 18:11-25, 20:60-21:7, 21:8-25, |

| No. | Claim Term | Bardy's Proposed Construction | Bardy's Intrinsic Evidence | iRhythm's Proposed Construction | iRhythm's Intrinsic Evidence |
|---|---|---|---|---|---|
| | | | 7:50-53, 11:44-45, 22:15-23:3. | | 21:58-67, 22:15-63, 23:4-45.<br><br>'261 Patent Prosecution History, Notice of Allowance. |
| 5 | "distal" / "proximal"[7,8]<br><br>'735 Patent, cls. 1, 11 | Plain and ordinary meaning | '735 Patent, cls. 1, 3, 13, 11, Figs. 1-3, 5, 7.<br><br>'735 Patent, 5:63-6:2, 6:31-34, 7:52-55, 8:23-39, 8:45-48, 8:67-9:55, 10:65-11:2. | Indefinite, but in the alternative, "distal and proximal relative to the housing" | '735 patent at Figs. 1-3, 5, 7, 5:46-6:2, 6:20-34, 7:48-64, 8:23-9:21, 10:65-11:5. |

---

[7]   Bardy contends that "distal" and "proximal" are two distinct terms and cannot reasonably be construed as a single claim term with identical constructions. Accordingly, for purposes of counting the number of claim terms in dispute in this Joint Claim Construction Chart, Bardy's position is that iRhythm has also proposed 6 terms for construction. The parties were unable to reach agreement on this point during the meet and confer process.

[8]   iRhythm believes that "distal" and "proximal" are two related terms that present a common claim construction issue. Claim 1 of the '735 Patent recites "a distal electrocardiography electrode" and "a proximal electrocardiography electrode." iRhythm contends that the "distal" and "proximal" terms rise and fall together, and are indefinite for the same reason. Even if they are not indefinite, a construction of "distal and proximal relative to the housing" would provide clarification for both terms. Indeed, Bardy itself is grouping allegedly similar terms together and referring to those terms as "The Extending From Terms," referenced as Terms 2(a)-2(c) above.

**JOINT APPENDIX**

| | |
|---|---|
| Exhibit A | The iRhythm Asserted Patents |
| Exhibit B | The Bardy Asserted Patents |
| Exhibit C | Portions of File History of U.S. Patent No. 12,133,734 and Related Family Members |
| Exhibit D | Portions of File History of U.S. Patent No. 12,171,562 and Related Family Members |
| Exhibit E | Portions of File History of U.S. Patent No. 12,285,261 and Related Family Members |

<table>
<tr><td>

POTTER ANDERSON & CORROON LLP

/s/ *Philip A. Rovner*
Philip A. Rovner (#3215)
Andrew M. Moshos (#6685)
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com

K&L GATES LLP

Jeffrey R. Gargano
Devon C. Beane
Melissa M. Haulcomb
Jared R. Lund
Rebekah Hill
70 W. Madison St., Suite 3300
Chicago, IL 60602
(312) 372-1121
jeffrey.gargano@klgates.com
devon.beane@klgates.com
melissa.haulcomb@klgates.com
jared.lund@klgates.com
rebekah.hill@klgates.com

Erik J. Halverson
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
(415) 882-8283
erik.halverson@klgates.com

*Attorneys for Plaintiff and Counter-Defendant Bardy Diagnostics, Inc.*

Dated:  September 5, 2025
12452229

</td><td>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *E. Paul Steingraber*
Brian P. Egan (#6227)
E. Paul Steingraber (#7459)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
began@morrisnichols.com
esteingraber@morrisnichols.com

FENWICK & WEST LLP

J. David Hadden
Allen Wang
801 California Street
Mountain View, CA 94041
(650) 988-8500
awang@fenwick.com
dhadden@fenwick.com

Melanie L. Mayer
Fenwick & West LLP
401 Union Street, 5th Floor
Seattle, WA 98101
(206) 389-4510
mmayer@fenwick.com

Robert E. Counihan
Fenwick & West LLP
902 Broadway, 18th Floor
New York, NY 10010
(212) 430-2600

*Attorneys for Defendant and Counter-Plaintiff iRhythm Technologies, Inc.*

</td></tr>
</table>

12