# Exhibit 4



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

K&L GATES LLP-BDX
PO BOX 1135
CHICAGO, IL 60690

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/015,589* .

PATENT UNDER REEXAMINATION *12245859* .

ART UNIT *3993* .

MAILED
NOV 17 2025
CENTRAL REEXAMINATION UNIT

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/015,589 | 12245859 |
| | Examiner | Art Unit | AIA (FITF) Status |
| | JOSHUA KADING | 3993 | No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>10/08/2025</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐  PTO-892,    b)☑  PTO/SB/08,    c)☐  Other: _____

1. ☑  The request for *ex parte* reexamination is GRANTED.

      RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

/JOSHUA KADING/
Reexamination Specialist, Art Unit 399

cc:Requester ( if third party requester )

U.S. Patent and Trademark Office
PTOL-471G(Rev. 01-13)    Office Action in *Ex Parte* Reexamination    Part of Paper No. 20251112

Application/Control Number: 90/015,589                                                                                    Page 2
Art Unit: 3993

## DECISION ON REQUEST FOR REEXAMINATION

A substantial new question ("SNQ") of patentability affecting claims 1-22 of U.S. Patent No. 12,245,859 ("'859 patent") is raised by the request for *ex parte* reexamination filed Oct. 8, 2025 ("the Request"), and thus, reexamination is ordered.

### *Notice of Pre-AIA or AIA Status*

The '859 patent has an effective filing date of Jan. 24, 2013, which is prior to March 16, 2013, thus, this proceeding will be conducted using the pre-AIA first to invent provisions. All references to sections 102 and 103 of U.S.C. title 35 in this Order are pre-AIA unless otherwise stated.

### *Extensions of Time*

**Extensions of time in *ex parte* reexamination proceedings are governed by 37 C.F.R. § 1.550(c).** Extensions of time under 37 C.F.R. § 1.136(a) are not permitted in these proceedings because the provisions of 37 C.F.R. § 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. § 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch". *See also* 37 C.F.R. § 1.550(a). For these reasons, extensions of time in *ex parte* reexamination proceedings are provided for in 37 C.F.R. § 1.550(c).

### *Service of Papers*

After the filing of a request for reexamination by a third-party requester, any document filed by either the Patent Owner or the third-party requester must be served on the other party (or parties where two or more third party requester proceedings are merged) in the reexamination proceeding in the manner provided in 37 C.F.R. § 1.248. *See* 37 C.F.R. § 1.550(f).

Application/Control Number: 90/015,589 Page 3
Art Unit: 3993

### *Waiver of Right to File Patent Owner Statement*

In a reexamination proceeding, Patent Owner may waive the right under 37 C.F.R. § 1.530 to file a Patent Owner Statement. Such a filing needs to contain an express statement that Patent Owner waives this right, and if the request for reexamination was made by a third-party requester, proof of service in the manner provided by 37 C.F.R. § 1.248 (see 37 C.F.R. § 1.550(f)). The following is an example of such a statement:

---

**WAIVER OF RIGHT TO FILE PATENT OWNER STATEMENT**

Patent Owner waives the right under 37 C.F.R. § 1.530 to file a Patent Owner Statement.

---

### *Amendment in Reexamination Proceedings*

Patent Owner is notified that any proposed amendment to the specification and/or claims in this reexamination proceeding must comply with 37 C.F.R. § 1.530(d)-(j), must be formally presented pursuant to 37 C.F.R. § 1.52(a) and (b), and must contain any fees required by 37 C.F.R. § 1.20(c). See M.P.E.P. § 2250(IV) for examples to assist in the preparation of proper proposed amendments in reexamination proceedings.

### *Submissions*

In order to ensure full consideration of any amendments, affidavits or declarations, or other documents as evidence of patentability, such documents must be submitted in response to the first Office action on the merits (which does not result in closing prosecution). Submissions after the second Office action on the merits, which is intended to be a final action, will be governed by the requirements of 37 C.F.R. § 1.116, after final rejection and by 37 C.F.R. 41.33 after appeal, which will be strictly enforced.

Application/Control Number: 90/015,589 Page 4
Art Unit: 3993

### *Notification of Concurrent Proceedings*

The Patent Owner is reminded of the continuing responsibility under 37 C.F.R. § 1.565(a) to apprise the Office of any litigation activity or any other prior/concurrent proceeding involving the '859 patent throughout the course of this reexamination proceeding. The third-party requester is also reminded of their ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. *See* M.P.E.P. §§ 2207, 2282, and 2286.

### *Notification of Current Assignment of the Patent*

If there is a question as to the current assignment of the patent, Patent Owner may be requested to provide the assignment information for the patent for which reexamination is requested. An assignment can be made of record in the file of a patent application, patent, or other patent proceeding (e.g., reexamination proceeding). This step is necessary to permit the assignee to "take action" in the application, patent, or other patent proceeding under the conditions set forth in 37 C.F.R. § 3.73 and M.P.E.P. § 324. Recordation of an assignment in the assignment records of the Office, however, does not, by itself, permit the assignee to take action in the application, patent, or other patent proceeding.

### *Concurrent Proceedings*

There have been no prior post-grant proceedings at the Office involving the '859 patent. The following is concurrent and ongoing litigation involving the '859 patent: *Bardy Diagnostics, Inc. v. Irhythm Technologies, Inc.*, 1:24-cv-1355 (D. Del.).

### *Summary of Examination in Application No. 18/787,937 (Now the '859 Patent)*

1. On July 29, 2024, U.S. patent application no. 18/787,937 ("'937 application") was filed with claims 1-24 pending.
2. On Sept. 4, 2024, a Track One request was granted for prioritized examination of the '937 application.
3. On Nov. 8, 2024, a non-final Office action ("NF OA") was mailed in which claims 1, 2, 11-15, 18, 19, 21, and 24 were rejected as unpatentable under 35 U.S.C. § 103(a) over Baker[1], Fuller[2], and Cross[3], claims 3-10, 16, and 17 were rejected under section 103(a) over Baker, Fuller, Cross, Kumar[4], and Nintendo[5], claim 20 was rejected as unpatentable under section 103(a) over Baker, Fuller, Cross, and Shennib[6], and claims 22 and 23 were rejected as unpatentable under section 103(a) over Baker, Fuller, Cross, and Thompson[7].
4. On Dec. 20, 2024, in reply to the NF OA, a response with claim amendments was filed in which the only independent claim 1 was amended and claims 22 and 23 were canceled.
5. On Jan. 29, 2025, a Notice of Allowance ("NoA") was mailed indicating all of claims 1-21 and 24 were allowed. (See below for a discussion on the reasons for allowance.)
6. On March 11, 2025, the '859 patent issued.

### *The Allowable Subject Matter*

The NoA indicates that "[h]aving the substrate be thinner on a border portion (being read as the periphery of the substrate) as compared to the inner portion of the (same) substrate is not obvious in light of the closes prior art of record." In other words, the following limitation of claim 1 (labeled "1[c]" in the Request) is understood to be a distinguishing feature over the prior art of record during examination of the '859 patent: "a flexible substrate coupled to the second housing portion, wherein the flexible substrate comprises a border portion that is thinner than an interior portion of the flexible substrate."

---

[1] U.S. Patent Application Publication No. 2008/0139953, to Baker et al. ("Baker").
[2] U.S. Patent No. 4,623,206, to James T. Fuller ("Fuller").
[3] U.S. Patent Application Publication No. 2008/0288026, to Cross et al. ("Cross").
[4] U.S. Patent No. 8,150,502, to Kumar et al. ("Kumar").
[5] Nintendo et al., YouTube video https://www.youtube.com/watch?v=hzybDNChNeU, published Aug. 2010, ("Nintendo").
[6] U.S. Patent Application Publication No. 2006/0224072, to Adnan Shennib ("Shennib").
[7] U.S. Patent No. 9,439,599, to Thompson et al. ("Thompson").

Application/Control Number: 90/015,589 Page 6
Art Unit: 3993

## Substantial New Questions of Patentability

The third-party requester ("the Requester") presents the following substantial new questions of patentability:

| SNQ # | Challenged Claims | 35 U.S.C. § | References |
|---|---|---|---|
| I | 1, 2, 11-15, and 18-22 | 103(a) | Faisandier[8] |
| II | 3-10, 16, 17, and 20 | 103(a) | Faisandier and Bishay[9] |

## Discussion of the Cited Prior Art and SNQs

Faisandier

Faisandier is directed to a "Holter-type apparatus for recording physiological signals indicative of cardiac activity." Faisandier, Title. The apparatus has a base unit 10 having a central area 20 from which there are extension arms 22 having electrodes 12, 14, 16, and 18, conductive wires/traces forming conductors 24, and contact areas 26, such as contact pads. Faisandier 3:44-54, Figs. 1, 4. As Faisandier further teaches, "conductive connection elements 24 between the electrodes and the contact areas are electrically isolated from the patient, preferably using a layer of varnish compatible with the constraints imposed by direct contact with the human body. At the place of contact area 26, the copper of the printed circuit is preferably covered (plated) with nickel deposit or a very fine layer of gold to ensure an effective protection against oxidation." Faisandier 4:7-14. The base unit 10 being "preferably made of a sheet of flexible printed circuit material on which is etched or engraved a conductive pattern forming the aforementioned electrodes, contact areas and conductive connection elements connecting the electrodes to their respective contact areas." Faisandier 2:15-19.

---

[8] U.S. Patent No. 6,456,872, to Yves Faisandier ("Faisandier"), which was published on Sept. 24, 2002, and thus qualifies as prior art under 35 U.S.C. § 102(b). Faisandier was not cited during examination of the '937 application.
[9] U.S. Patent No. 8,613,709, to Bishay et al. ("Bishay"), which was filed on July 26, 2011, and thus qualifies as prior art under 35 U.S.C. § 102(e). Bishay was not cited during examination of the '937 application.

Application/Control Number: 90/015,589 Page 7
Art Unit: 3993

Bishay

Bishay is directed to an ambulatory electrocardiographic monitor. Bishay, Title. The monitor may be worn on the body of a person, similar to the apparatus in Faisandier, (see Bishay, Fig. 1) and the monitor has a "button 47 is formed on the top surface of the cover 42 that engages a switch on the PCB 43, which the patient can press during monitoring to mark an event occurrence, such as onset of dyspnea." Bishay 10:42-45.

Standard for Determining a Substantial New Question of Patentability

Section 2242, subsection I, of the MPEP states:

> For "a substantial new question of patentability" to be present, it is only necessary that: (A) the prior art patents and/or printed publications raise a substantial question of patentability regarding at least one claim, i.e., the teaching of the (prior art) patents and printed publications is such that a reasonable examiner would consider the teaching to be <u>important</u> in deciding whether or not the claim is patentable; and (B) the same question of patentability as to the claim has not been decided by the Office in an earlier concluded examination or review of the patent, raised to or by the Office in a pending reexamination or supplemental examination of the patent, or decided in a final holding of invalidity (after all appeals) by a federal court in a decision on the merits involving the claim.

Since neither Faisandier nor Bishay were cited during the underlying prosecution of the '859 patent (see footnotes 8 and 9 above), the '859 patent has not been involved in a prior proceeding in front of the Office, and there has been no final holding of invalidity by any federal court, element (B) of determining an SNQ has been met. For the reasons below, element (A) is also considered met with respect to the presented SNQs in the Request.

SNQ 1: Claims 1, 2, 11-15, and 18-22 Are Unpatentable Over Faisandier

Initially, Faisandier is in the same field of a wearable physiological monitoring device as the claimed invention. *See id.*, Title. Turning to limitation 1[c], which was indicated as the allowable feature

Application/Control Number: 90/015,589 Page 8
Art Unit: 3993

in the NoA, Requester argues that "Faisandier's base unit 10 (e.g., flexible substrate) comprises a border portion that is thinner than an interior portion of the base unit 10 (e.g., flexible substrate)." Request 20. The Request additionally explains that "the interior portion of the flexible substrate is the (1) flexible printed circuit of the base unit and the (2) the conductive connection elements. The border portion (*i.e.*, the flexible printed circuit) is thinner than an interior portion (*i.e.*, the combination of the flexible printed circuit and the conductive connection elements). This is shown in at least Figure 4, which include *[sic]* contact area 26 (which is part of the conductive connection elements) on the flexible printed circuit base unit 10." Request 21. As a result, there is a substantial likelihood that a reasonable examiner would consider at least the above noted teachings of Faisandier important when deciding the patentability of independent claim 1 of the '859 patent. Additionally, claims 2, 11-15, and 18-22 depend directly or indirectly from claim 1, thus, they contain all of the limitations recited in claim 1, including the limitation 1[c] discussed above. As a result, a substantial new question of patentability of claims 1, 2, 11-15, and 18-22 in light of Faisandier is raised, especially as it relates to limitation 1[c].

SNQ 2: Claims 3-10, 16, 17, and 20 Unpatentable Over Faisandier and Bishay

Claims 3-10, 16, 17, and 20 depend directly or indirectly from claim 1, thus, they contain all of the limitations recited in claim 1, including the limitation 1[c] discussed above. As a result, with respect to claims 3-10, 16, 17, and 20, a reasonable examiner would also consider Faisandier important when determining the patentability of these claims as explained above in SNQ #1. Additionally, since Bishay is in the same field of a wearable physiological monitoring device as Faisandier and the claimed invention, there is a substantial likelihood a reasonable examiner would also consider the teachings of Bishay important when deciding the patentability of claims 3-10, 16, 17, and 20.

For at least these reasons, a reasonable examiner would consider the teachings of Faisandier and Bishay important when deciding the patentability of dependent claims 3-10, 16, 17, and 20. As a

Application/Control Number: 90/015,589  Page 9
Art Unit: 3993

result, a substantial new question of patentability of claims 3-10, 16, 17, and 20 in light of Faisandier and Bishay is raised.

### 35 U.S.C. § 325(d)

A review of the post grant history for the '859 patent indicates that there have been no other Office post-grant challenges involving the patent (Reexamination Proceedings or *Inter Partes* Review, Post Grant Review, Covered Business Method trials). Accordingly, a determination of whether to exercise discretion to reject the request pursuant to 35 USC 325(d) is not applicable.

### Conclusion

For the reasons set forth above, at least one of the references cited by the Requester raises a substantial new question of patentability with respect to the '859 patent. As a result, reexamination is ordered.

Any inquiry concerning the status of this proceeding, should be directed to the Central Reexamination Unit (CRU) at telephone number: 571-272-7705. The CRU's fax number is: 571-273-9900. Any inquiry concerning this communication or earlier communications from the examiner should be directed to JOSHUA KADING whose telephone number is 571-270-3413. The examiner can normally be reached Monday-Friday, 8:00 AM to 5:00 PM Eastern Time. Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice. If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Eileen Lillis can be reached on 571-272-6928.

All correspondence relating to this *ex parte* reexamination proceeding should be as follows:

By Patent Center:   Registered users may submit via the electronic filing system, Patent Center, at: https://patentcenter.uspto.gov/

Application/Control Number: 90/015,589   Page 10
Art Unit: 3993

| | |
|---|---|
| By Mail: | Mail Stop *Ex Parte* Reexam<br>ATTN: Central Reexamination Unit<br>Commissioner for Patents<br>U.S. Patent & Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 |
| By FAX: | 571-273-9900<br>Central Reexamination Unit |
| By hand: | Customer Service Window<br>Knox Building<br>501 Dulany St.<br>Alexandria, VA 22314 |

For Patent Center transmissions, 37 CFR 1.8(a)(1) (i)(C) and (ii) states that correspondence (except for a request for reexamination and a corrected or replacement request for reexamination) will be considered timely filed if: (a) it is transmitted via the Office's electronic filing system in accordance with 37 CFR 1.6(a)(4); and, (b) includes a certificate of transmission for each piece of correspondence stating the date of transmission, which is prior to the expiration of the set period of time in the Office action.

/JOSHUA KADING/
Reexamination Specialist, Art Unit 3993


Conferees:

/CATHERINE S WILLIAMS/
Reexamination Specialist, Art Unit 3993


/EILEEN D LILLIS/
SPRS, Art Unit 3993

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (01-25)
Approved for use through 11/30/2027. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | |
|---|---|---|
| | Application Number | |
| | Filing Date | 2024-07-29 |
| | First Named Inventor | Timothy J. Bahney |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | 3726071.00395 |

### U.S. PATENTS [Remove]

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Inventor of cited Document | Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 5922489 | A | 1999-07-13 | Adachi | [Exhibit 1007] |
| | 2 | 6456872 | B1 | 2002-09-24 | Faisandier | [Exhibit 1003] |
| | 3 | 8412317 | B2 | 2013-04-02 | Mazar | [Exhibit 1006] |
| | 4 | 8613709 | B2 | 2013-12-24 | Bishay et al. | [Exhibit 1004] |
| | 5 | 12245859 | B2 | 2025-03-11 | Bahney et al. | [Exhibit 1001] |

If you wish to add additional U.S. Patent citation information, please click the Add button. [Add]

### U.S. PATENT APPLICATION PUBLICATIONS [Remove]

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Inventor or Applicant of cited Document | Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 20030069510 | A1 | 2003-04-10 | Semler | [Exhibit 1005] |

If you wish to add additional U.S. Published Application citation information, please click the Add button [Add]

### FOREIGN PATENT DOCUMENTS [Remove]

PC.1.19.25           ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /J.K./

| | | Application Number | |
|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | Filing Date | 2024-07-29 |
| | | First Named Inventor | Timothy J. Bahney |
| | | Art Unit | |
| | | Examiner Name | |
| | | Attorney Docket Number | 3726071.00395 |

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | | | | | | | ☐ |

If you wish to add additional Foreign Patent Document citation information, please click the Add button [Add]

**NON-PATENT LITERATURE DOCUMENTS** [Remove]

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T[5] |
|---|---|---|---|
| | 1 | Bahney's Prosecution History, U.S. Serial No. 18/787,937 filed July 29, 2024 "Physiological Monitoring Device" - 335 pages. [Exhibit 1002]. | ☐ |

If you wish to add additional non-patent literature document citation information, please click the Add button [Add]

**EXAMINER SIGNATURE**

| Examiner Signature | /JOSHUA KADING/ | Date Considered | 11/13/2025 |
|---|---|---|---|

*EXAMINER: Initial if reference considered and whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04.  [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3).  [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.  [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.  [5] Applicant is to place a check mark here if English language translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /J.K./

PC.1.19.25

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Application Number | |
|---|---|---|
| | Filing Date | 2024-07-29 |
| | First Named Inventor | Timothy J. Bahney |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | 3726071.00395 |

## TIMING STATEMENT

Please see 37 CFR 1.97(e) to make the appropriate selection(s):

☐ That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

☐ See attached timing statement under 37 CFR 1.97(e).
☒ A timing statement under 37 CFR 1.97(e) is not submitted herewith.

## TIMING FEE

☐ The fee set forth in 37 CFR 1.17(p) has been submitted herewith.

## COPIES

☐ An identification of an earlier application pursuant to 37 CFR 1.98(d)(1) is attached.

## SIZE FEE ASSERTION

Please see 37 CFR 1.17(v) and the IDS Auto-Load Instructions for completing this form to make the appropriate selection of an assertion under 37 CFR 1.98. For the information disclosure statement (IDS) submitted herewith, the applicant or patent owner certifies the following with respect to the cumulative number of applicant-provided or patent-owner provided items of information submitted to date including those in the accompanying IDS (select only one):

☒ No IDS size fee is required under 37 CFR 1.17(v) at this time.
☐ The IDS is accompanied by the IDS size fee under 37 CFR 1.17(v)(1).
☐ The IDS is accompanied by the IDS size fee under 37 CFR 1.17(v)(2).
☐ The IDS is accompanied by the IDS size fee under 37 CFR 1.17(v)(3).

## SIGNATURE

A signature of the applicant or representative is required in accordance with 37 CFR 1.33 and 11.18. Please see 37 CFR 1.4(d) for the form of the signature.

| Signature | /Erik J. Halverson/ | Date (YYYY-MM-DD) | 2025-10-08 |
|---|---|---|---|
| Name/Print | Erik J. Halverson | Registration Number | 73,552 |

PC.1.19.25

| | Application Number | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | Filing Date | 2024-07-29 |
| | First Named Inventor | Timothy J. Bahney |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | 3726071.00395 |

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

PC.1.19.25

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

PC.1.19.25



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/015,589 | 10/08/2025 | 12245859 | IRHYM.003X1 | 9841 |

20995    7590    11/17/2025
Knobbe, Martens, Olson & Bear, LLP
2040 MAIN STREET
FOURTEENTH FLOOR
IRVINE, CA 92614

| EXAMINER |
|---|
| KADING, JOSHUA A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3993 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/17/2025 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)