# Exhibit 7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WIRTGEN AMERICA, INC.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CATERPILLAR, INC.,**<br><br>*Defendant.* | **Case No. 1:17-cv-00770-JDW** |

## ORDER

**AND NOW**, this 7th day of August, 2024, upon consideration of Wirtgen America, Inc.'s Motion To Stay Proceedings Regarding U.S. Patent No. 7,523,995 (D.I. 436), I note as follows.

1. "Motions to stay invoke the broad discretionary powers of the court." *Bos. Sci. Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 788 (D. Del. 2011). "[A] court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze." *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2007 WL 1655625, at *3 (N.D. Cal. June 7, 2007); *see also Viskase Corp. v. Am. Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001).

2. For stays based on *ex parte* reexaminations, courts consider "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly

whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Brit. Telecommunications PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2020 WL 5517283, at *2 (D. Del. Sept. 11, 2020).

3. On July 2, 2024, the USPTO granted *ex parte* reexamination on claims 16, 43, 45-63 of U.S. Patent No. 7,523,995 (the "'995 Patent"). This accounts for 21 of the 22 claims at issue in this litigation. Now Wirtgen requests to stay this litigation with respect to the '995 Patent.

4. <u>Simplification</u>: "The most important factor bearing on whether to grant a stay is whether the stay is likely to simplify the issues at trial." *Id.* at *9. The EPR pertains to only one of Caterpillar's two asserted patents; it will not affect the claims and issues in this case pertaining to U.S. Patent No. 9,975,538 Patent (the "'538 Patent"). When a reexamination applies to all claims asserted in litigation, the PTO's decision will necessarily streamline litigation. *See id.* at *9 (collecting cases). By contrast, in this case, a stay would not accomplish that desired result. The parties would complete supplemental discovery, serve expert reports, file dispositive motions, and proceed to trial on the '538 Patent. (*See* D.I. 412.) And there would still be at least one claim from the '995 Patent, so the Parties would have to repeat that process yet again after the EPR proceedings. To promote judicial economy, it is far more efficient to proceed with both patents in tandem.

2

5.  The EPR proceedings also will not estop Wirtgen from raising in this case arguments it advances in the EPR. *See Longhorn HD LLC. v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG, 2022 WL 71652, at *3 n.5 (E.D. Tex. Jan. 6, 2022). This weighs against a stay. *KIPB LLC v. Samsung Elecs. Co.*, No. 219CV00056JRGRSP, 2019 WL 6173365, at *2 (E.D. Tex. Nov. 20, 2019).

6.  Relying on USPTO statistics, Wirtgen argues that the claims at issue in this case now are likely to be cancelled or changed after the conclusion of the *ex parte* reexamination. But this is not a foregone conclusion. As Caterpillar argues, those statistics may be subject to debate. Further, Wirtgen has been unsuccessful in two prior IPR challenges of the claims at-issue in the '995 EPR. Given this context, it's premature for me to speculate on the result of the EPR. *See id.*

7.  <u>Status of Litigation</u>: Generally, when discovery is in its infancy, this factor weighs against a stay. *Foras Techs. Ltd. v. Bayerische Motoren Werke AG*, No. 6:23-CV-386-RP, 2024 WL 1724256, at *2 (W.D. Tex. Apr. 22, 2024) (collecting cases). Discovery based on the '995 Patent is ongoing. The Parties are completing supplemental fact discovery and in the process of drafting expert reports. While the case is not on the eve of trial, I note that Wirtgen filed its case way back in 2017. Caterpillar asserted these patents against Wirtgen in 2021. The Parties then stipulated to stay proceedings on the '995 Patent until the conclusion of IPR proceedings. The age of this case counsels in favor of continuing its progression.

8. <u>Prejudice</u>: In reviewing whether a stay would prejudice Caterpillar, I may consider "(1) the timing of the request for review; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *Contour IP Holding, LLC v. GoPro, Inc.*, No. CV 15-1108-LPS-CJB, 2016 WL 4474340, at *4 (D. Del. July 14, 2016).

9. As to the status of the review proceedings, the EPR could last two years. The '995 Patent is set to expire in 2026. Staying the case pending the result of the EPR might deprive Caterpillar of its opportunity to seek the injunctive relief against Wirtgen that it first sought in 2021. Other courts have recognized the near-expiration of a patent term as a "legitimate concern" in this context. *Corteva Agriscience LLC v. Monsanto Co.*, No. CV 22-1046-GBW, 2023 WL 3119968, at *2 (D. Del. Apr. 27, 2023); *see generally Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1340 (Fed. Cir. 1998).

10. For the relationship of the parties, "[c]ourts are reluctant to stay proceedings where the parties are direct competitors." *Cooper Notification, Inc. v. Twitter, Inc.*, No. CIV. 09-865-LPS, 2010 WL 5149351, at *5 (D. Del. Dec. 13, 2010). With direct competitors, harm may "go beyond calculable money damages, including more permanent loss of marketshare and goodwill." *Avanos Med. Sales, LLC v. Medtronic Sofamor Danek USA, Inc.*, No. 219CV02754JMPTMP, 2020 WL 7865959, at *2 (W.D. Tenn. Nov. 24, 2020). Wirtgen and Caterpillar compete in the road milling machine market against only a few

4

other competitors. Caterpillar has demonstrated that it would suffer prejudice if the case was stayed pending resolution of the '995 EPR.

11. I do not find that Wirtgen was dilatory in the timing of the request for review or its request for a stay. Nevertheless, the stay would unduly prejudice Caterpillar. As a result, this factor weights against a stay.

12. Because a stay would not significantly simplify the issues in this litigation and Caterpillar would suffer prejudice, staying the proceedings is inappropriate.

Therefore, it is **ORDERED** that the Motion To Stay Proceedings Regarding U.S. Patent No. 7,523,995 (D.I. 436) is **DENIED.**

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.