# Exhibit 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRYKER CORPORATION, STRYKER EUROPEAN OPERATIONS HOLDINGS LLC and STRYKER SALES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MICROVENTION, INC.,<br><br>Defendant. | Civil Action No. 21-36-CFC |

## ORDER

Pending before me is a motion filed by Defendant MicroVention, Inc. to stay proceedings in this matter pending *ex parte* reexamination of U.S. Patent No. 10,265,075 (the #075 patent) before the U.S. Patent and Trademark Office (USPTO). D.I. 56. The #075 patent is the only patent at issue in this litigation. D.I. 1 at ¶¶ 14–40. In August 2021, MicroVention requested that the USPTO reexamine all asserted claims of the #075 patent. D.I. 57 at 3–4. The USPTO

granted that request in October. *Id.* at 4. Plaintiffs Stryker Corporation and associated companies (collectively, Stryker) oppose the motion. D.I. 64.

This case is in the relatively early stages. Stryker filed this case in January of this year. D.I. 1. I entered a Scheduling Order in May. D.I. 15. The parties have exchanged initial disclosures, D.I. 19; D.I. 20, as well as infringement and invalidity contentions, D.I. 20; D.I. 33. A Markman hearing is scheduled for January 27, 2022. D.I. 50; D.I. 51; D.I. 52; D.I. 63; D.I. 68. Fact discovery is scheduled to be completed in May 2022; Expert discovery is to be completed by September 2, 2022 and dispositive motions are due on September 30, 2022. D.I. 15 at 27. A five-day jury trial is presently set for May of 2023. *Id.*

Whether or not to stay litigation is a matter left to the Court's discretion. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed.Cir.1998). In exercising this discretion, courts weigh the competing interests of the parties and attempt to maintain an even balance. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). The factors courts typically consider in deciding how to exercise this discretion include: (1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *E.g., Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, 2015 WL 1737476, at *1 (D. Del.

Apr. 9, 2015); *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, 2010 WL 2573925, at *3 (D. Del. June 25, 2010).

Here, all three factors weigh in favor of a stay.

First, an issued reexamination certificate will simplify the issues for trial. The reexamination proceedings "will result in either cancellation, confirmation, or amendment" of the challenged claims of the #075 patent. *Brit. Telecomms. PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2020 WL 5517283, at *9 (D. Del. Sept. 11, 2020). The parties dispute when the reexamination will conclude, D.I. 57 at 13 n.3; D.I. 64 at 11–12, but there is no question that the issues for trial would be simplified if the reexamination resulted in the cancellation or amendment of the asserted claims.

Second, although a trial date has been set, fact discovery is not complete, and expert discovery has not begun. I disagree with Stryker that this case is "well underway." I have yet to construe any of the disputed claim terms. Neither party has taken any depositions.

Third, three of the circumstances courts consider in determining the third stay factor weigh in favor of a stay. Those circumstances are "(1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 3943058, at *5 (D. Del.

3

Aug. 21, 2019). MicroVention requested review two months after receiving Stryker's infringement contentions and moved to stay shortly after the USPTO granted the request. The reexamination has begun, and based upon USPTO statistics, a reexamination certificate will likely issue at some point around the current trial date May 2023.

NOW THEREFORE, at Wilmington on this Thirteenth day of December in 2021, it is HEREBY ORDERED that Defendant's Motion to Stay Proceedings Pending *Ex Parte* Reexamination of U.S. Patent No. 10,265,075 (D.I. 56) is GRANTED.

                                                COLM F. CONNOLLY
                            CHIEF UNITED STATES DISTRICT JUDGE